Stephen Konek v. Commissioner.
Konek v. Commissioner
Docket No. 4288-67.
United States Tax Court
T.C. Memo 1968-269; 1968 Tax Ct. Memo LEXIS 32; 27 T.C.M. (CCH) 1449; T.C.M. (RIA) 68269; November 25, 1968 Filed Stephen Konek, pro se, Route 2, Walnutport, Pa. Bert W. Hunt, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1965 in the amount of $247.86. The only issue for decision is whether petitioner is entitled to a deduction for a dependency exemption for his son for the calendar year 1965. Findings of Fact Some of the facts have been stipulated and are found accordingly. *33 Petitioner is an individual whose legal residence at the time of the filing of the petition in this case was Walnutport, Pennsylvania. He filed an individual Federal income tax return for the calendar year 1965 with the district director of internal revenue at Philadelphia, Pennsylvania. Petitioner and Mabel Konek (hereinafter referred to as Mabel) were married on November 27, 1937. They had two children, Judith Ann Konek (hereinafter referred to as Judy), born on April 23, 1947, and Stephen Bruce Konek (hereinafter referred to as Bruce), born on April 11, 1952. During the calendar year 1965 1450 petitioner and Mabel were still married but were living apart. Judy and Bruce during the calendar year 1965 lived with their mother in a house in Walnutport, Pennsylvania which had previous to the separation of petitioner and Mabel in 1964, been the family home. This house was owned during the year 1965 by petitioner and Mabel as tenants by the entirety. The fair rental value of this house during the year 1965 was $100 per month. On July 2, 1964, the Domestic Relations Court of Northampton County, Pennsylvania entered an order requiring petitioner to pay child support payments to *34 Mabel for the support of Bruce and Judy. During the year 1965 petitioner paid to Mabel in accordance with this court order, the amount of $645 for the support of Bruce. Mabel was employed during 1965 as an inspector at Mack Truck, Inc., Allentown, Pennsylvania, and received compensation from this employment of $8,545.55 during that year. During the year 1965 Mabel made all the mortgage payments due on the house in which she and her two children lived, paid property taxes on that house, and made payments for insurance on the house. During the year 1965 Mabel paid a total amount of $354.67 for water, gas, electricity, and fuel for the house in which she and the children lived and paid $72.95 for telephone service in the house. During the year 1965 Mabel paid a total amount of $1,311.34 for food, clothing, medical expenses, educational expenses, vacations, allowances, and such miscellaneous expenses as travel to school, hair cuts, and toys for Bruce. Petitioner made no expenditures for or on behalf of Bruce other than support he might be considered to furnish to Bruce because of ownership of the house in which Bruce, his mother, and sister lived as a tenant by the entirety with Mabel, *35 except the $645 which he paid to Mabel pursuant to the court order. Petitioner on his individual Federal income tax return for the calendar year 1965 claimed dependency exemptions for both Judy and Bruce. Respondent disallowed these claimed exemptions and at the trial of this case petitioner conceded that he was not entitled to the claimed dependency exemption for Judy. Ultimate Fact Petitioner did not contribute over onehalf of the support of Bruce during the calendar year 1965. Opinion Section 151(e), I.R.C. 1954, allows an exemption to a taxpayer of $600 for each dependent of that taxpayer as defined in section 152. Insofar as here applicable, section 152(a) provides that a dependent means a son of the taxpayer "over half of whose support for the calendar year * * * was received from the taxpayer." Since the facts in this case clearly show that Bruce did not receive over one-half of his support for the calendar year 1965 from petitioner, it follows that petitioner is not entitled to the dependency exemption for Bruce for that year. Petitioner specifically stipulated that the only support he furnished for Bruce for the year 1965, other than such *36 as might be considered as furnished by him as lodging because of his ownership with Mabel of the house in which Bruce lived, was $645. Petitioner and respondent also stipulated many of the expenditures made by Mabel for Bruce's support during the calendar year 1965. Mabel and Bruce both testified with respect to other items of support. The amount expended by Mabel is clear from the record. Petitioner argues that no portion of the telephone costs should be allocated to Bruce and questions whether amounts contributed by Bruce to the church were his own contributions or were in fact Mabel's contribution. However, the total amount expended for Bruce's support in 1965, other than for lodging, utilities, and church contributions, was substantially in excess of twice the $645 furnished by petitioner. Therefore, the evidence does not show that petitioner contributed over half of Bruce's support in 1965 even if Bruce's lodging is considered to have been furnished one-half by petitioner and one-half by Mabel. We therefore hold that petitioner is not entitled to the claimed dependency exemption for Bruce for the calendar year 1965. Decision will be entered for respondent. 1451